Ryan L. McBride, Esq. (SBN 297557)
ryan@kazlg.com
Aryanna Young (SBN 344361)
aryanna@kazlg.com
KAZEROUNI LAW GROUP
2221 Camino Del Rio S., #101
San Diego, CA 92108
Telephone: (602) 900-1288
Facsimile: (800) 520-5523

William Rose, II (SBN 190428)
bill@roseconsumerlaw.com
WILLIAM ROSE LAW GROUP, P. C.
100 Wilshire Boulevard, Suite 700
Santa Monice, CA 90401
Telephone: (310) 870-7111
Facsimile: (310) 870-7112

Attorneys for Plaintiffs
DIANA MENENDEZ  & STEVE MENENDEZ

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA MENENDEZ and STEVE MENENDEZ <br><br><br> Plaintiffs, <br><br> vs. <br><br> GLOBAL LENDING SERVICES, LLC; RESOLVION MANAGEMENT SERVICE, LLC; and SWIFT RECOVERY GROUP, INC. <br><br> Defendants. | Case No: <br><br><br> **COMPLAINT FOR  DAMAGES** <br><br><br> **Demand for Jury Trial** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. DIANA MENENDEZ and STEVE MENENDEZ, ("Plaintiffs") bring this complaint to challenge the actions of Defendant GLOBAL LENDING SERVICES, LLC; Defendant RESOLVION MANAGEMENT SERVICE, LLC; and Defendant SWIFT RECOVERY GROUP, INC. (or jointly as "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt

allegedly owed by Plaintiffs, by means of and through conduct which caused Plaintiffs damages.

4. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

### JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to general state jurisdiction.

9. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10. Plaintiffs reside in Los Angeles County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

11. At the time of the substantial part of the events or omissions giving rise to the claim occurred, specifically, Defendants tried to collect the alleged debt owed, by illegally repossessing Plaintiffs' automobile located within Los Angeles county.

12. Because Plaintiffs resided in the County of Los Angeles at the time Defendants tried to collect on the alleged debt owed and still reside in Los Angeles County venue is proper pursuant to 28 U.S.C. § 1391b(2).

13. At all times relevant, Defendants conducted business within the State of California.

## PARTIES

14. Each Plaintiff is a natural person and is a resident of Los Angeles County, State of California. Plaintiffs are husband and wife.

15. Defendant GLOBAL LENDING SERVICES, LLC ("GLOBAL LENDING") is a foreign limited liability company registered to do business in California and doing business in California by providing automobile purchase/lease financing to California consumers.

16. Defendant RESOLVION MANAGEMENT SERVICE, LLC ("RESOLVION") is a foreign limited liability company registered to business in California; licensed by the California Bureau of Security and Investigative Services as a Repossessor Agency, License # RA1899, and doing business in Los Angeles County, California as a repossessor agency.

17. Defendant SWIFT RECOVERY GROUP, INC, ("SWIFT RECOVERY") is a California corporation engaged in business in Los Angeles County of repossessing automobiles.

18. Plaintiffs were each allegedly obligated to pay a debt, and each Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

19. Each Plaintiff is a natural persons from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from

4
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

20. Each Defendant, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

21. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

22. Plaintiffs are informed and believe and thereon allege that Defendant RESOLVION and Defendant SWIFT RECOVERY were each acting as an agent of Defendant GLOBAL LENDING and, therefore each can be held responsible and is vicariously liable for the conduct of Defendant GLOBAL LENDING and vice versa – that is, Defendant GLOBAL LENDING can be can be held responsible and is vicariously liable for the conduct of Defendants RESOLVION and SWIFT RECOVERY - and Plaintiffs incorporate all theories of vicarious liability within this Complaint, including, but not limited to, respondeat superior.

23. Plaintiffs are informed and believe and thereon allege that each Defendant was acting jointly with each other Defendant in an illegal scheme to repossess Plaintiffs' vehicle and that each Defendant was the agent of the others and therefore can be held responsible and is vicariously liable for the conduct of all other Defendants and vice versa, and Plaintiffs incorporates all theories of vicarious liability within this Complaint, including, but not limited to, respondeat superior.

## STATEMENT OF FACTS

24. On or about February 11, 2024, Plaintiffs leased a 2020 Toyota Camry VIN, 4T1C11AK5LU861943 (the "Vehicle"), free and clear of any liens, from auto dealer Honda of Downtown Los Angeles ("HONDA").

25. HONDA assigned the lease to EXETER FINANCE.

26. Plaintiffs made all lease payments on time to Exeter Finance and were never late, behind, or in default of their payment obligations.

27. GLOBAL LENDING was not involved in any way in the financing of the Vehicle.

28. At no time, prior to the repossession of the Vehicle, did Plaintiffs, or either one of them, have a debtor-creditor relationship, or any relationship at all,  with GLOBAL LENDING.

29. At no time, prior to the repossession of the Vehicle, did Plaintiffs or either one of them owe a debt to GLOBAL LENDING.

30. Despite the fact that Plaintiffs were not in default of their payment obligations to EXETER FINANCE and had made all payments timely, and despite the facts that Plaintiffs owed no debt to GLOBAL LENDING, on or about September 9, 2024, Defendant SWIFT RECOVERY without permission or authorization from Plaintiffs or from EXETER FINANCE or from anyone with a legitimate possessory interest in the Vehicle, took possession of the Vehicle and towed the Vehicle to its lot in downtown Los Angeles (the "Lot").

31. On or about September 9, 2024, when Plaintiff Steve Menendez presented himself at the Lot in an effort to recover his Vehicle, SWIFT RECOVERY, despite having no right to possession of the vehicle, refused to return the Vehicle,

stating that the Vehicle was not Plaintiff's Vehicle; that Plaintiff had no right to the Vehicle; and that SWIFT RECOVERY could not surrender possession of the Vehicle without authorization and permission from GLOBAL LENDING and RESOLVION.

32. Plaintiff was extremely stressed by the loss of his Vehicle and by SWIFT RECOVERY's refusal to return possession of the Vehicle to him on the grounds that it was not his vehicle.

33. During the act of repossession by towing the Vehicle, SWIFT RECOVERY damaged the exterior of the Vehicle, a fact which caused the Plaintiffs emotional distress.

34. Plaintiff Steve Menendez used the vehicle to commute to and from work. Without the Vehicle, Plaintiff Steve Menendez lacked transportation to and from work and he feared he would lose his job, facts which caused Plaintiff Steve Menendez immense emotional distress.

35. Plaintiffs are informed and believe that SWIFT RECOVERY was hired by RESOLVION, acting on instructions from GLOBAL LENDING, to repossess Plaintiffs' vehicle.

36. Plaintiffs are informed and believe that SWIFT RECOVERY repossessed the vehicle at the specific direction of RESOLVION, acting on instructions from GLOBAL LENDING, to repossess Plaintiffs' vehicle.

37. By repossessing Plaintiffs' vehicle, Defendants are representing that Plaintiffs owed an alleged debt to Defendant GLOBAL LENDING.

38. By illegally repossessing Plaintiffs' vehicle, Defendants violated 15 U.S.C. §1692d, 1692e, 1692e(2), 1692f, and 1692f(1).

39. This financial obligation was primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

40. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

41. The repossession by Defendants was a "communication" as that term is defined by 15 U.S.C. §1692a(2), an attempt to enforce a security interest, as that term is addressed in 15 U.S.C. §1692a(6), and a threat to take non-judicial action to effect dispossession or disablement of property as provided under 15 U.S.C. §1692f(6).

42. At the time Defendants repossessed the vehicle, Defendants were not lien holders on the vehicle and had no right to repossess the vehicle.

43. Because these actions by Defendants constituted a breach of the peace, Defendants relinquished any present right to possess the property that Defendants sought to possess. As such, Defendants violated 15 U.S.C. §1692f(6).

44. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

45. Plaintiffs were the possessors and had a right to possess their automobile, and Defendants actually interfered with Plaintiffs' possession and right to possession of this property. Defendants' interference was knowing or intentional. As a result, Defendants converted Plaintiffs' property.

46. Defendants dispossessed Plaintiffs of their automobile or intermeddled with Plaintiffs' automobile while it was in their possession. As such, Defendants trespassed upon Plaintiffs' chattel.

## CAUSES OF ACTION

### COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.

47. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

48. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

49. Defendants violated 15 U.S.C. §1692d, 1692e, 1692e(2), 1692f, and 1692f(1) by illegally repossessing Plaintiffs' vehicle.

50. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

### COUNT II
### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
### CAL. CIV. CODE §§ 1788-1788.32

51. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

52.  The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

53.  As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

## COUNT III

### CONVERSION

54.  Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

55.  The foregoing acts and omissions by Defendants constitute an interference with Plaintiffs' possession and right to possession of their automobile.  Defendants acted knowingly or intentionally when interfering with Plaintiffs' possessory right.

56.  As a result of Defendants' conduct, Plaintiffs are entitled to general and special damages.

## COUNT IV

### TRESPASS TO CHATTELS

57.  Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

58.  In the alternative to COUNT III, Defendants dispossessed Plaintiffs of their chattel or used or intermeddled with a chattel in the possession of Plaintiffs.

59. As a result of Defendants' conduct, Plaintiffs are entitled to general and special damages.

## COUNT V

## NEGLIGENCE

60. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above.

61. Defendants owed a duty to Plaintiffs to maintain proper records on the vehicle in question and to not deprive Plaintiffs of their vehicle.

62. Defendants fell below the standard of care owed by Defendants by repossessing a vehicle that they had no right to possess.

63. Defendants are both the actual and legal cause of the damage to Plaintiffs' but for Defendants' actions, Plaintiffs would not have been damaged.

64. As a proximate result of the negligence, carelessness, and unlawfulness of Defendants and the illegal repossession, as herein alleged, Plaintiffs were harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays that judgment be entered against Defendants, and Plaintiffs be awarded damages from Defendants, as follows:

### FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendants;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendants;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from Defendants;

- an award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from Defendants;

- an award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendants.

## CONVERSION

- an award of general damages in an amount to be adduced at trial, from Defendants;

- an award of special damages in an amount to be adduced at trial, from Defendants;

- an award of punitive damages, in an amount to be adduced at trial, from Defendants;

- any other relief this court deems just and proper.

## TRESPASS TO CHATTELS

- an award of general damages in an amount to be adduced at trial, by Defendants;

- an award of special damages in an amount to be adduced at trial, by Defendants;

- an award of punitive damages, in an amount to be adduced at trial, from Defendants;

- any other relief this court deems just and proper.

## NEGLIGENCE

- an award of general according to proof;

• an award of special damages according to proof;

• Costs of suit; and

• Any other and further relief that the Court considers proper.

65. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

**Kazerouni Law Group**

Date: December 9, 2024

By: s/Ryan L. McBride
Ryan L. McBride
Attorneys for Plaintiff